UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY SHAWN LOCKHART,<br>Reg. No. 07012-298,<br><br>                          Plaintiff,<br><br>vs.<br><br>U.S. MARSHAL LIAISON EPPS, et al.,<br><br>                          Defendants. | Case No.: 3:16-cv-01829-GPC-PCL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DENYING MOTIONS TO APPOINT COUNSEL AND FOR INJUNCTIVE RELIEF [ECF Nos. 3, 7]**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

BOBBY SHAWN LOCKHART ("Plaintiff"), a federal inmate currently housed at the Otay Mesa Detention Center ("OMDC") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

///

Plaintiff claims various officials at the OMDC, which is operated by the Corrections Corporation of America ("CCA"), and contracts with the U.S. Marshal Service and U.S. Department of Homeland Security's Department of Immigration and Customs Enforcement ("ICE") to house federal pretrial and immigration detainees, denied him adequate dental care and his right to petition for redress during the months of May through July 2016. (ECF No. 1 at 2-3, 16-17.) His Complaint seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 17-18.)

Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2), a Motion for Appointment of Counsel (ECF No. 3), and a separate Motion for Immediate Injunctive Relief (ECF No. 7).

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1 | Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his OMDC Inmate Account Summary as well as a prison certificate certified by an authorized OMDC officer. *See* ECF No. 2 at 5-10; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that while Plaintiff had an average monthly balance of $12 and average monthly deposits of $11 to his account over the 6-month period immediately preceding the filing of his Complaint, he had an available balance of only $1.08 at the time he filed it. *See* ECF No. 2 at 5, 10. Thus, the Court assesses Plaintiff's initial partial filing fee to be $2.40 pursuant to 28 U.S.C. § 1915(b)(1), but acknowledges he may be unable to pay even that small initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

///

1       Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2),
2 declines to exact the initial $2.40 initial filing fee because his inmate certificate indicates
3 he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Warden of the
4 OMDC or his designee, to instead collect the entire $350 balance of the filing fees
5 required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the
6 installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

7 **II.     Motion for Appointment of Counsel**

8       Plaintiff has also filed a Motion to Appoint Counsel and supplemental documents
9 in support (ECF Nos. 3, 9). Plaintiff claims he is unable to afford counsel and his
10 imprisonment "greatly limit[s] his ability to litigate." (ECF No. 3 at 1.) Plaintiff contends
11 he requires counsel because he has limited formal education, and because the issues
12 involved in his case are complex and will "likely involve conflicting testimony" which a
13 trained attorney would be better suited to handle. (*Id.* at 1-2.)

14       First, the Court assures Plaintiff that all documents filed pro se are "liberally
15 construed," and notes that "a pro se complaint, however inartfully pleaded," is held to
16 less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,
17 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Moreover, FED.
18 R. CIV. P. 8(e) requires that "[p]leadings …be construed so as to do justice."

19       Second, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept.*
20 *of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district
21 courts have some limited discretion to "request" that an attorney represent an indigent
22 civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004),
23 this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see*
24 *also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional
25 circumstances requires "an evaluation of the likelihood of the plaintiff's success on the
26 merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the
27 complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*
28 *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

1  Under these standards, the Court must DENY Plaintiff's Motion to Appoint
2  Counsel (ECF No. 3) without prejudice because, as discussed below, a liberal
3  construction of his Complaint suggests he is more than capable of articulating the factual
4  basis for the relatively straightforward inadequate medical care and access to courts
5  claims he seeks to pursue. Moreover, Plaintiff has failed to show he is likely to succeed
6  on the merits of his purported claims at this preliminary stage of the proceedings. *Id.*
7  Therefore, neither the interests of justice nor any exceptional circumstances warrant
8  appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987);
9  *Terrell*, 935 F.2d at 1017.

10  **III.  Screening of Plaintiff's Complaint**

11  A.  Standard of Review

12  Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-
13  answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these
14  statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of
15  it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants
16  who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
17  (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.
18  2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that
19  the targets of frivolous or malicious suits need not bear the expense of responding.'"
20  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*
21  *Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

22  "The standard for determining whether a plaintiff has failed to state a claim upon
23  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
24  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668
25  F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th
26  Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
27  applied in the context of failure to state a claim under Federal Rule of Civil Procedure
28  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Factual Allegations

While in OMDC custody on May 24, 2016, Plaintiff lost a temporary filling while crunching on some hard candy. (ECF No. 1 at 7 ¶ 19.) On the same day, he was evaluated by two unidentified dental assistants, and a dentist (Defendant John Doe I). Plaintiff requested a temporary filling, but was informed he could either "deal with the pain" or elect to have the tooth extracted. (*Id.* at 7-10, ¶¶ 21, 23, 26.)

Plaintiff objected via institutional grievance on May 27, 2016, but on June 2, 2016, OMDC Defendant Captain Hocks, also a dentist, denied his grievance requesting a temporary filling, and classified his need as "routine dental care" only available to "long-term detainees." Hocks allegedly told Plaintiff, "I can't change the policy," so Plaintiff claims to have re-submitted his grievance to "await the Warden/Administrator's decision." (*Id.* at 10 ¶¶ 29, 30 & Ex. A at 22.)

By June 9, 2016, Plaintiff was in a "tremendous amount of pain," and requested a "sick call." (*Id.* at 10-11, ¶¶ 31-32.) An unidentified dental assistant took his vitals, provided him a warm salt water mouth rinse and ibuprofen, and arranged for dental appointment on the following day. (*Id.* at 12 ¶¶ 34, 36.) On June 10, 2016, Defendants John Doe II (a dental assistant), and John Doe 1, the dentist, examined Plaintiff and confirmed he had developed an abscess. (*Id.* at 13 ¶ 37.) Plaintiff alleges the dentist then

said, "I don't know why you don't just let me extract the tooth," because in his opinion, "It[']s not like you[']re going to save the tooth anyways." (*Id.*) Plaintiff declined, but was prescribed pain medication and a 7-day supply of antibiotics. (*Id.* ¶ 39.)

On June 13, 2016, Plaintiff claims John Doe III informed him that "he was with the Marshals and that USM Liaison Epps was already aware of the issue." (*Id.* ¶ 41.)

On July 2, 2016, Plaintiff claims he was "called to the podium" and had his grievance returned to him. (*Id.* at 14-15 ¶ 44, Ex. B at 27.) Plaintiff claims he refused to accept the paperwork because "there was no response, date or signature on it." (*Id.* at 15 ¶¶ 44-45.) On the same day, Plaintiff claims to have "informed Assistant Warden Dennis Morris of this miscarriage of the grievance procedure." (*Id.* at 15 ¶ 46.)

Finally, on July 7, 2016, Plaintiff claims to have "sent in a request for assistance" to Defendant Orrell, a law library technician, as he was "directed" to do by Defendant Soria, a "quality assurance" official at OMDC. (*Id.* at 6, 15 ¶ 48.) Plaintiff claims Orrell provided him "nothing more that the orientation handbook," and "den[ied] [him] access to pertinent legal materials," which he "feels" was an "attempt to hinder, deter, and misdirect [his] right to access the courts." (*Id.* at 15-16 ¶ 48.)

C.   42 U.S.C. § 1983

As an initial matter, the Court finds it must dismiss Plaintiff's Complaint in its entirety to the extent he has commenced suit pursuant to 42 U.S.C. § 1983 (ECF No. 1 at 1, 4 ¶¶ 1, 6.)

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of *state* law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added). Plaintiff is a "prisoner of the United States in custody of the Corrections Corporation of America" seeking injunctive relief and damages against a U.S. Marshal "liaison" (Defendant Epps) and CCA employees at OMDC based on claims that they violated his constitutional rights while in

///

CCA custody. (ECF No. 1 at 4 ¶ 8.) He fails to allege any Defendant acted under color of *state* law. Therefore, he fails to state a claim under § 1983. *Tsao*, 698 F.3d at 1138.

### D. *Bivens*

Because he is proceeding without counsel, however, the Court will liberally construe the constitutional claims alleged to have arisen while Plaintiff was housed at the OMDC under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006).

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against *federal* officers for alleged violation of a citizen's rights under the Fourth Amendment. 403 U.S. at 397. After *Bivens*, the Supreme Court has found a similar cause of action implied against federal actors for alleged violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment clause of the Eighth Amendment. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 67-68 (2001). However, the Court has expressly refused to extend liability for constitutional violations to federal agencies or private actors who contract with the federal government. *Id.* at 69, 74.

Thus, even if Plaintiff had filed his Complaint pursuant to *Bivens*, to the extent he seeks to hold any CCA employee liable for damages incurred under color of federal law, he still fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. A *Bivens* action may only be brought against a federal official in his or her individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). *Bivens* does not authorize a suit for money damages against a private entity like the CCA, or its employees at the OMDC. *See Malesko*, 534 U.S. at 66 n.2 (holding that *FDIC v. Meyer*, 510 U.S. 471 (1994), "forecloses the extension of *Bivens* to private entities."); *Minneci v. Pollard*, __ U.S. __, 132 S. Ct. 617, 626 (2012) (foreclosing *Bivens* relief where federal prisoner sought damages from privately employed prison personnel, and despite Eighth Amendment inadequate medical care allegations, on grounds that the "conduct is of a

kind that typically falls within the scope of traditional state tort law," and therefore "the prisoner must seek a remedy under state tort law."); *see also Valdovinos-Blanco v. Adler*, 585 Fed. Appx. 586, 587 (9th Cir. 2014).

Accordingly, to the extent Plaintiff's Complaint alleges constitutional violations on the part of Defendants Figueroa, Weaver, Morris, Hocks, John Does I and II, Sanders,[2] Soria, or Orrell, all of whom are alleged to be employed by CCA at the OMDC, (ECF No. 1 at 5-7 ¶¶ 10-18), his Complaint fails to state a claim upon which *Bivens* relief may be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1127; *Rhodes*, 621 F.3d at 1004.

### E. Vicarious Liability

Plaintiff also seeks relief against Defendant Epps, whom he alleges is a "liaison of the United States Marshals" and "is legally responsible for the overall operation in regard[] to U.S. Marshal inmates," including those "housed" at the CCA's OMDC. (ECF No. 1 at 5 ¶ 9.) Therefore, the Court will assume that Epps acted under color of federal law for purposed of establishing *Bivens* liability; however, Plaintiff's Complaint still fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" against Defendant Epps. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which

---

[2] Plaintiff includes a "Nurse Sanders" in the caption of his Complaint, but nowhere in the body of his pleading does he identify Sanders as a named Defendant, or one of the Doe Defendants, nor does he make any factual allegations describing Sanders' role in either providing or failing to provide him dental care. (ECF No. 1 at 1.)

defendants engaged in" in order to state a claim). Thus, Plaintiff must include in his pleading sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and describe personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As currently pleaded, Plaintiff's Complaint fails to include any factual content to suggest that Defendant Epps personally participated in, directed, or caused him to suffer any constitutional injury. Instead, Plaintiff merely identifies Epps as the U.S. Marshal "liaison" to the OMDC, and claims to have been "informed" by an unidentified Doe, employed by the OMDC, that Epps was "aware of the issue." (ECF No. 1 at 5, 14 ¶¶ 9, 41.) Plaintiff does not explain what issue Epps was purportedly aware of, however. Nor does he explain how Epps violated Plaintiff's constitutional rights through his "own misconduct." *See Iqbal*, 556 U.S. at 677.

Therefore, Plaintiff has also failed to state a claim upon which relief can be granted as to Defendant Epps. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Lopez*, 203 F.3d at 1127; *Rhodes*, 621 F.3d at 1004.

**IV.   Motion for Injunctive Relief**

Finally, Plaintiff has filed a "Motion to Show Cause for a[] Preliminary Injunction" pursuant to FED. R. CIV. P. 65(a) (ECF No. 7). Plaintiff seeks to enjoin Defendants from denying him "pertinent policy information," "access to the court," and "withholding dental treatment for reasons not based on medical judgment." (*Id.* at 2.)

Rule 65 of the Federal Rules of Civil Procedure provides that "the court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a). As a preliminary matter, Plaintiff's Motion for injunctive relief does not comply with Rule 65(a)'s important procedural notice requirement because he has not shown that his Complaint or his Motion have been served on any named Defendant.

///

Moreover, even if Plaintiff had properly served Defendants with notice of his Motion, it must be denied. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citation omitted). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

As set forth in detail above, the Court has found that Plaintiff's Complaint fails to state a claim upon which relief can be granted and has dismissed his pleading sua sponte in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Therefore, Plaintiff has necessarily failed to show, for purposes of justifying a Motion for Preliminary Injunctive relief, any likelihood of success on the merits of his claims. *Id.; see also Asberry v. Beard*, Civil Case No. 3:13-cv-2573-WQH JLB, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest) (citing *Winter*, 555 U.S. at 20).

## V. Conclusion and Order

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Warden of the OMDC, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

11

3:16-cv-01829-GPC-PCL

ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Fred Figueroa, Warden, Otay Mesa Detention Center, P.O. Box 438150, San Diego, CA 92143-8150.

4. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3).

5. **DENIES** Plaintiff's Motion for Injunctive Relief (ECF No. 7).

6. **DISMISSES** this civil action for failing to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

7. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading described in this Order. If Plaintiff elects to file an Amended Complaint, it must be complete by itself without reference to his original pleading. See S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice based on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**IT IS SO ORDERED**.

Dated:  November 8, 2016

Hon. Gonzalo P. Curiel
United States District Judge